IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

LAZARO MARTINEZ,

    Plaintiff,

v.                                            Case No.

LOWE'S HOME CENTERS, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, LAZARO MARTINEZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, LOWE'S HOME CENTERS, LLC, ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), for unpaid minimum wages and unpaid overtime, and retaliatory termination.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Osceola County, Florida, within the jurisdiction of this Honorable Court.

4. Plaintiff is an non-exempt employee under FLSA 29 U.S.C.S. § 206(f) as Plaintiff provided the services of a Truck Driver.

1

5. Defendant is an employer under the interpretation of FLSA, conducting business in Orange County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in employment of persons, which affects commerce.

6. Venue is proper in Orange County because all of the actions that form the basis of this Complaint occurred within Orange County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was employed by and worked for Defendant as a Truck Driver from on or about August 31, 2021 through on or about September 13, 2021.

10. Plaintiff's job duties included, but were not limited to, driving a 26-foot truck and making deliveries.

11. Plaintiff always worked in excess of forty (40) hours per week.

12. Specifically, Plaintiff worked approximately over fifty (50) hours per week.

13. Defendant agreed to pay Plaintiff $ 130/day for the aforementioned services.

14. Defendant failed to pay Plaintiff his due wages and overtime wages.

15. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked in excess of forty in a given work week.

16. Plaintiff repeatedly requested payment and made complaints about not being paid. Plaintiff called Defendant numerous times to no avail.

17. Indeed, Defendant consistently evaded the obligation to pay Plaintiff what he was owed.

18. Additionally, Plaintiff underwent vertebra surgery that caused pain but his requests for time off were always denied, making him work through the pain.

19. Plaintiff's supervisor, Jose, told Plaintiff that his coworkers complained about Plaintiff being late and that he was not a team player.

20. Plaintiff was late because he would work from 6 AM - 11 PM.

21. Plaintiff would almost always be assigned trips that were far away from the area (e.g., Ocala).

22. Plaintiff was overworked, and would not always be given time off to rest. Plaintiff would fall asleep sometimes and Plaintiff was still not granted appropriate time off.

23. When Plaintiff asked for his wages, the boss told him that he needed to keep the wages for 3-4 weeks because there was a damage claim filed.

24. Plaintiff asked for information concerning the claim and address of the incident to make sure it was him and Plaintiff never received any proof of the claim.

25. According to Plaintiff, the claim was filed for a household delivery in which the owners signed off that everything was okay when delivered.

26. On or about September 12, 2021, Plaintiff went to make a delivery to a client's house and the delivery truck got stuck in mud.

27. Plaintiff called the boss and informed him of what had happened. The boss called a tow truck for Plaintiff and discounted the tow truck cost from Plaintiff's paycheck.

28. Plaintiff was terminated on or about September 13, 2021.

29. Plaintiff is owed 3 weeks of work, 7 days a week, which is approximately: $2,730.00.

30. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
### *Unpaid Minimum Wage and Overtime in Violation of FLSA*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

32. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

33. FLSA extends coverage to workers by requiring employers of such employees to pay minimum wages under 29 U.S.C.S. § 206(f), as well as overtime wages under 29 U.S.C.S. § 207(l).

34. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an employer as defined in §§ 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant employed Plaintiff within meaning of 29 U.S.C. § 203(g) by contracting Plaintiff to perform the tasks of a Truck Driver. Plaintiff was dependent on Defendant as an employer and Defendant had the ability to hire and fire employee, Defendant assigned Plaintiff tasks to complete, etc.

35. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

36. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment

4

with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Breach of Agreement*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

38. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

39. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT III
### *Quantum Meruit*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

41. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

42. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

43. Defendant accepted Plaintiff's services to Defendant.

44. Defendant retained an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

45. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

**WHEREFORE**, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### *Unjust Enrichment*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

47. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

48. Defendant has knowledge of the services performed and provided by Plaintiff.

49. Defendant voluntarily accepted the services performed and provided by Plaintiff.

6

50. Defendant unjustly benefits from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

51. Plaintiff seeks damages for the value of the work performed for Defendant.

**WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT V
### *Retaliation Violation of the FLSA*

52. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

53. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

54. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

55. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaining to Defendant regarding not being properly paid for all hours worked.

56. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

c. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

d. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

e. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: <u>January 18, 2022</u>

Respectfully submitted,

/s/ *Peter M. Hoogerwoerd*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Cristobal Bobadilla-Gamboa, Esq.
Fla. Bar No. 113656
cbg@rgpatttorneys.com
Corey L. Seldin, Esq.
Fla. Bar No. 1026565
cseldin@rgpattorneys.com
***Remer & Georges-Pierre, PLLC***
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile