# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LAZARO MARTINEZ,

    Plaintiff,

v.                                         Case No.: 6:22-cv-00461-RBD-LHP

LOWE'S HOME CENTERS, LLC,
a Foreign Limited Liability Company,
and XPO LAST MILE, INC., a
Foreign Profit Corporation,

    Defendants.

_____/

## DEFENDANT LOWE'S HOME CENTERS, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Lowe's Home Centers, LLC ("Lowe's"), through its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, files its Answer and Defenses to the Amended Complaint filed by Plaintiff, Lazaro Martinez ("Plaintiff"), and states as follows:

## GENERAL ALLEGATIONS

1. Lowe's admits that Plaintiff purports to bring an action for damages for alleged violations of the Fair Labor Standards Act, 29 U.S.C §§ 201–219, *et seq.* ("FLSA"), for unpaid overtime wages and retaliation, breach of contract, unjust enrichment and/or quantum meruit. Lowe's denies that it violated the FLSA or that

it is liable to Plaintiff for breach of contract, unjust enrichment or quantum meruit, and further denies that Plaintiff is entitled to any relief whatsoever.

2. Admitted for jurisdictional purposes only; otherwise, denied.

3. Denied.

4. Lowe's is without sufficient knowledge or information as to Plaintiff's county of residence, therefore denied.

5. Plaintiff was never employed by Lowe's, therefore denied.

6. Plaintiff was never employed by Lowe's, therefore denied.

7. Admitted for venue purposes only; otherwise, denied.

8. Denied.

9. Denied.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10. Denied.

11. Admitted that Defendant XPO Last Mile, Inc. is contracted by Lowe's to provide trucking and delivery services; otherwise, denied.

12. Denied.

13. Denied.

14. Plaintiff was never employed by Lowe's, therefore denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Lowe's does not have sufficient knowledge or information as to Plaintiff's arrangement with his counsel, therefore denied.

# COUNT I
## *Unpaid Minimum Wage and Overtime in Violation of FLSA*

54. Lowe's realleges and reincorporates its answers to the allegations in Paragraphs one (1) through fifty-three (53) of the Amended Complaint, as if fully set forth herein.

55. Denied.

56. The allegations in Paragraph 56 of the Amended Complaint assert legal conclusions for which no response is required.

57. Denied.

58. Admitted that Plaintiff purports to seek to recover unpaid wages, but denied that Plaintiff is entitled to recover unpaid wages or any relief whatsoever from Lowe's.

59. Denied.

Lowe's denies that Plaintiff is entitled to any of the damages or relief requested in the WHEREFORE clause, including subparts (a) through (e), following Paragraph 59 of the Amended Complaint, and further denies that it is liable to Plaintiff in any respect.

## COUNT II
### *Breach of Agreement*

60. Lowe's realleges and reincorporates its answers to the allegations in Paragraphs one (1) through fifty-three (53) of the Amended Complaint, as if fully set forth herein.

61. Denied.

62. Denied.

Lowe's denies that Plaintiff is entitled to any of the damages or relief requested in the WHEREFORE clause following Paragraph 62 of the Amended Complaint, and further denies that it is liable to Plaintiff in any respect.

## COUNT III
### *Quantum Meruit*

63. Lowe's realleges and reincorporates its answers to the allegations in Paragraphs one (1) through fifty-three (53) of the Amended Complaint, as if fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Admitted that Plaintiff purports to seek damages under quantum meruit, but denied that Plaintiff is entitled to recover these damages or any relief whatsoever from Lowe's.

Lowe's denies that Plaintiff is entitled to any of the damages or relief requested in the WHEREFORE clause following Paragraph 68 of the Amended Complaint, and further denies that it is liable to Plaintiff in any respect.

### COUNT IV
*Unjust Enrichment*

69. Lowe's realleges and reincorporates its answers to the allegations in Paragraphs one (1) through fifty-three (53) of the Amended Complaint, as if fully set forth herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Admitted that Plaintiff purports to seek damages for the value of the work he allegedly performed for Lowe's, but denied that Plaintiff ever performed any work for Lowe's, and further denied that Plaintiff is entitled to recover any damages or relief whatsoever from Lowe's.

Lowe's denies that Plaintiff is entitled to any of the damages or relief requested in the WHEREFORE clause following Paragraph 74 of the Amended Complaint, and further denies that it is liable to Plaintiff in any respect.

## COUNT V
### *Retaliation Violation of the FLSA*

75. Lowe's realleges and reincorporates its answers to the allegations in Paragraphs one (1) through fifty-three (53) of the Amended Complaint, as if fully set forth herein.

76. The allegations in Paragraph 76 of the Amended Complaint contain legal assertions for which no response is required.

77. Denied.

78. Denied.

79. Denied.

Lowe's denies that Plaintiff is entitled to any of the damages or relief requested in the WHEREFORE clause, including subparts (a) through (f), following Paragraph 79 of the Amended Complaint, and further denies that it is liable to Plaintiff in any respect.

## JURY TRIAL DEMAND

Lowe's admits that Plaintiff requests a jury trial, but denies such entitlement because Lowe's is entitled to judgment as a matter of law.

## GENERAL DENIAL

Lowe's denies all allegations in the Amended Complaint not specifically admitted, and further denies all captions and headers in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses and that follow, Lowe's does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Lowe's is continuing to investigate Plaintiff's allegations; therefore, it reserves the right to amend this Answer and Defenses consistent with the Federal Rules of Civil Procedure to assert such other defenses as they become known through the course of discovery. As separate and distinct defenses to the allegations set forth in the Amended Complaint, Lowe's asserts the following:

## FIRST DEFENSE

Plaintiff was not an employee of Lowe's and to the extent that any claim asserted by Plaintiff is predicated upon the existence of an employer-employee relationship between Plaintiff and Lowe's, the same should be dismissed.

## SECOND DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent there was no causal connection between the events alleged in his Amended Complaint and any damages which he allegedly suffered.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands and/or estoppel.

## FIFTH DEFENSE

Any amount which Plaintiff claims is due and owing to him for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which he seeks lost wages and benefits. To the extent Plaintiff has failed to make reasonable attempts to mitigate his damages, Plaintiff's claimed damages must be reduced.

## SIXTH DEFENSE

Lowe's is entitled to recover its costs of court and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent he seeks injunctive, declaratory, and/or other equitable relief, as Plaintiff has an adequate remedy at law and has suffered no irreparable harm due to any alleged conduct of Lowe's.

## EIGHTH DEFENSE

Plaintiff's damages, if any, should be reduced to the extent of any collateral source payments or recoveries attributable to Plaintiff's alleged damages.

## NINTH DEFENSE

Notwithstanding the fact that Plaintiff was never an employee of Lowe's, Plaintiff's claims for liquidated damages under the FLSA are barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 260, as Lowe's at all times acted in good faith and had reasonable grounds for believing that its actions were not in violation of the FLSA.

## TENTH DEFENSE

Plaintiff's claims for injunctive relief under the FLSA are barred, as the right to seek injunctive relief under the FLSA rests exclusively with the United States Secretary of Labor. *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir.), *cert. denied*, 524 U.S. 916, 118 S. Ct. 2297, 141 L. Ed. 2d 158 (1998).

## ELEVENTH DEFENSE

Plaintiff's breach of agreement claim should be dismissed as to Lowe's as no valid agreement exists between Plaintiff and Lowe's.

## TWELFTH DEFENSE

Plaintiff's quantum meruit and/or unjust enrichment claims should be dismissed as to Lowe's as Plaintiff never conferred a benefit onto Lowe's.

## RESERVATION OF RIGHTS

Lowe's reserves the right to bring any additional defenses that become known during the litigation of this matter.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Amended Complaint, Lowe's requests that:

a. Plaintiff's claims be stricken or dismissed with prejudice;

b. Each and every prayer for relief in Plaintiff's Amended Complaint be denied;

c. Judgment be entered in favor of Lowe's;

d. All costs and reasonable attorneys' fees be awarded to Lowe's and against Plaintiff; and

e. Lowe's be granted such other and further relief as this Court deems just and appropriate.

Dated: June 24, 2022.

    Respectfully submitted by:

    **JACKSON LEWIS P.C.**

    */s/ Laura E. Prather*
    **Laura E. Prather, B.C.S.**
    **Lead Trial Counsel**
    Florida Bar No.: 870854
    laura.prather@jacksonlewis.com
    nicole.villa@jacksonlewis.com

    **Chase H. Hale, Esq.**
    Florida Bar No.: 1026400
    chase.hale@jacksonlewis.com
    nicole.villa@jacksonlewis.com
    tampadocketing@jacksonlewis.com

    Wells Fargo Center
    100 S. Ashley Drive, Suite 2200
    Tampa, Florida 33602
    Telephone: 813-512-3210
    Facsimile: 813-512-3211

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of June, 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF which will provide an electronic copy to all counsel of record.

    */s/ Laura E. Prather*
    Attorney