UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LAZARO MARTINEZ,**

    Plaintiff,

v.                                    Case No.: 6:22-cv-00461-RBD-LHP

**LOWE'S HOME CENTERS, LLC,**
a Foreign Limited Liability Company,
and **XPO LAST MILE, INC.**, a
Foreign Profit Corporation,

    Defendants,
_____

**XPO LAST MILE, INC.,**

    Third Party Plaintiff

v.

**MODERNO LOGISTICS CORP.**, a
Florida Corporation,

    Third Party Defendant.
_____/

### DEFENDANT/THIRD PARTY PLAINTIFF XPO LAST MILE, INC.'S COMPLAINT AGAINST THIRD PARTY DEFENDANT MODERNO LOGISTICS CORP.

Defendant/Third Party Plaintiff, XPO Last Mile, Inc. ("Last Mile pursuant to

Federal Rule of Civil Procedure 14, files this Third Party Complaint against Third

Party Defendant, Moderno Logistics Corp. ("Moderno"), and alleges:

## INTRODUCTION

1. This is a third party complaint against Moderno for breach of contract, contractual indemnification and contribution in connection with a valid and binding Delivery Services Agreement between Moderno and Last Mile.

2. This third party complaint is brought in connection with claims asserted by Moderno's former employee, Plaintiff, Lazaro Martinez ("Plaintiff"), against Last Mile and Lowe's Home Centers, LLC ("Lowe's"). [Doc. 27].

## PARTIES

3. Last Mile is a Georgia corporation with its principal place of business in Marietta, Georgia.

4. Moderno is a Florida corporation with its principal place of business in Orlando, Florida.

5. Upon information and belief, as pled in the Amended Complaint, Plaintiff resides in Osceola County, Florida. [Doc. 27, ¶ 4].

## JURISDICTION AND VENUE

6. This Court has supplemental jurisdiction over this Third Party Complaint pursuant to 28 U.S.C. § 1367(a) because the indemnification claims are so related to the claims in the Amended Complaint that they form a part of the same case or controversy under Article III of the United States Constitution. Plaintiff

brought claims based on federal questions over which this court has original jurisdiction.

7. This Court has personal jurisdiction over Moderno because Moderno has continuous, systematic, and substantial contacts with the State of Florida, including having its principal place of business in Florida.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Moderno is located in this District and a substantial part of the facts, circumstances, events, or omissions giving rise to the claims in this Third Party Complaint occurred in this District.

## FACTS

9. On May 24, 2022, Plaintiff filed an Amended Complaint in this Court against Last Mile and Lowe's. [Doc. 27].

10. In the Amended Complaint, Plaintiff alleges the following claims against Last Mile and Lowe's: (1) unpaid minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); (2) breach of agreement; (3) quantum meruit; (4) unjust enrichment; and (5) retaliation under the FLSA. [Doc. 27].

11. Plaintiff's claims are premised on his allegations that he was jointly employed by Last Mile and Lowe's and that he entered into an agreement with Last Mile and Lowe's to provide delivery services as a truck driver. [Doc. 27].

12. However, neither Lowe's nor Last Mile ever employed Plaintiff or entered into an agreement of any kind with Plaintiff.

13. On April 22, 2021, Last Mile and Moderno entered into a Delivery Services Agreement (the "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

14. Pursuant to the terms of the Agreement, Moderno was contracted to perform delivery services for Last Mile. [**Exhibit A**].

15. Paragraph 4.1 of the Agreement provides:

> **4.1** **Independent Relationship.** It is expressly intended by the Parties hereto, and Contract Carrier [Moderno] hereby specifically warrants, represents and agrees, that Contract Carrier [Moderno] and XPO Last Mile are independent entities having their own established businesses. XPO Last Mile and Contract Carrier [Moderno] intend that this Agreement is strictly between two independent entities and does not create an employer/employee relationship for any purpose. As such, it is agreed between the Parties that Contract Carrier [Moderno] shall have sole control over the manner and means of performing its obligations under this Agreement.

16. Moderno agreed to bear all expenses associated with its employees and all other persons working for it in any capacity, "including, without limitation, wages, salaries, employment taxes, workers' compensation coverage, health care, retirement benefits and insurance coverages[.]" [**Exhibit A**, ¶ 5(c)].

17. Moderno further agreed to "comply with all local, state, and federal laws, regulations, and requirements applicable to its employees or affecting their

4

compensation or conditions of employment applicable to the Contract Carrier [Moderno] or the performance of its services hereunder[.]" [**Exhibit A**, ¶ 4.4(a)].

18. As to Moderno's employees and all other persons working for it in any capacity, Moderno was exclusively responsible "for compliance with all applicable laws, rules, and regulations, including but not limited to wages and hour laws, … and all laws relating to employment such as orders respecting payroll deductions and maintenance of payroll and employment records[.]" [**Exhibit A**, ¶ 5(d)].

19. Moderno agreed to:

defend, indemnify and hold harmless XPO Last Mile, its customers, agents, employees, and affiliates against and from any and all settlements, losses, damages, costs, counsel fees and all other expenses relating to or arising from any and all claims … asserted against XPO Last Mile (A) by Contract Carrier [Moderno] or any agent or employee of Contract Carrier [Moderno]; (B) by any other person or entity whose actions or claims arise out of services performed or are in connection with this Agreement; or (C) by any other person or entity which alleges acts or omissions related to or arising out of services performed in connection with this Agreement. [**Exhibit A**, ¶ 15].

20. Upon information and belief, at all times relevant to Plaintiff's claims in the Amended Complaint, Moderno employed Plaintiff as a truck driver to perform delivery services pursuant to the Agreement.

21. The claims asserted by Plaintiff in the Amended Complaint are within the scope of the Agreement's indemnification provision.

22. On June 14, 2022, Last Mile sent a demand letter to Moderno's President wherein it demanded that Moderno indemnify, defend and hold harmless Last Mile in connection with Plaintiff's claims against Last Mile.

23. Moderno breached Paragraph 15 of the Agreement by failing to indemnify, defend and hold harmless Last Mile in connection with Plaintiff's claims against Last Mile.

24. As a result of Moderno's failure to indemnify, defend and hold harmless Last Mile in connection with Plaintiff's claims, Last Mile is exposed to damages in an amount exceeding $75,000.

25. Last Mile was required to retain the undersigned law firm to represent it in this action.

26. To the extent that Plaintiff establishes that he suffered the damages alleged in the Amended Complaint, Moderno, as Plaintiff's employer, will be in breach of the Agreement and liable to Last Mile for indemnification and Last Mile's reasonable attorneys' fees, costs and expenses.

### COUNT I – BREACH OF CONTRACT

27. Last Mile re-asserts and incorporates the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

28. The Agreement attached hereto as Exhibit A constitutes an enforceable contract between Last Mile and Moderno.

29. Pursuant to the Agreement between Moderno and Last Mile, Moderno was required to comply with all applicable laws, regulations and requirements, including but not limited to compensating its employees in accordance with all applicable wage and hour laws, including the FLSA, which required Moderno to pay its employees, including Plaintiff, minimum wages and overtime wages for any time worked in excess of 40 hours per week.

30. Last Mile asserts that in the event Moderno did not pay Plaintiff minimum wages and/or overtime wages for any hours worked in excess of 40 hours per week, Moderno breached the Agreement with Last Mile to comply with all applicable laws, regulations and requirements, including ensuring compliance with all applicable wage and hour laws.

31. Moderno has also breached the Agreement in that it has failed to indemnify, defend and hold harmless Last Mile in connection with Plaintiff's claims against Last Mile in the Amended Complaint.

32. Due to Moderno's breach, Last Mile has been damaged in an amount equal to any legal fees, costs, or expenses that it has incurred in defending against the claims in the Amended Complaint and will continue to be damaged in an amount equal to any legal fees, costs, or expenses incurred in continuing to defend against the Amended Complaint, and in an amount equal to any monies Last Mile may pay to satisfy any settlements of, or judgments in, this action.

## COUNT II – CONTRACTUAL INDEMNIFICATION

33. Last Mile re-asserts and incorporates the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

34. The Agreement attached hereto as Exhibit A constitutes an enforceable contract between Last Mile and Moderno.

35. Last Mile has fulfilled all of its obligations under the Agreement.

36. To date, Moderno has failed to indemnify, defend and hold harmless Last Mile from the losses, damages, costs, attorneys' fees and expenses arising from the claims brought by Plaintiff, Moderno's former employee, in the Amended Complaint.

37. As a result, Last Mile has been damaged in an amount equal to any legal fees, costs, or expenses that it has incurred in defending against the claims in the Amended Complaint and will continue to be damaged in an amount equal to any legal fees, costs, or expenses incurred in continuing to defend against the Amended Complaint, and in an amount equal to any monies Last Mile may pay to satisfy any settlements of, or judgments in, this action.

## COUNT III – CONTRIBUTION

38. Last Mile re-asserts and incorporates the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

39. Last Mile asserts that it is in no way legally responsible for the damages alleged in Plaintiff's Amended Complaint. However, if Last Mile is held liable for all or part of Plaintiff's alleged damages, then Moderno is obligated to reimburse and is liable to Last Mile for all or any liability so assessed by way of contribution.

40. Accordingly, Last Mile asserts its right to contribution.

## **JURY TRIAL**

Last Mile demands a jury trial for all claims triable as of right by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Last Mile respectfully requests that this Court enter judgment in favor of Last Mile and against Moderno as follows:

(i) require Moderno to pay for all costs and attorneys' fees incurred by Last Mile in having to bring this third party action to enforce the Agreement between Moderno and Last Mile;

(ii) require Moderno to pay for all costs of defense, including attorneys' fees, costs and expenses, incurred by Last Mile in connection with defending against the Amended Complaint;

(iii) require Moderno to pay Last Mile in an amount equal to any monies Last Mile may be required to pay to satisfy any settlements or judgments in connection with the Amended Complaint, including all damages or awards for

unpaid wages and overtime compensation, back pay, front pay, compensatory damages, liquidated damages, interest, costs, and reasonable attorneys' fees; and

    (iv)   grant Last Mile such other and further relief as this Court deems just and proper.

Dated: July 7, 2022.

                          Respectfully submitted by:

                          **JACKSON LEWIS P.C.**

                          */s/ Laura E. Prather*
                          **Laura E. Prather, B.C.S.**
                          **Lead Trial Counsel**
                          Florida Bar No.: 870854
                          laura.prather@jacksonlewis.com
                          nicole.villa@jacksonlewis.com

                          **Chase H. Hale, Esq.**
                          Florida Bar No.: 1026400
                          chase.hale@jacksonlewis.com
                          nicole.villa@jacksonlewis.com
                          tampadocketing@jacksonlewis.com

                          Wells Fargo Center
                          100 S. Ashley Drive, Suite 2200
                          Tampa, Florida 33602
                          Telephone:  813-512-3210
                          Facsimile:   813-512-3211

                          *Attorneys for Defendant/Third Party Plaintiff XPO Last Mile, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 7th day of July, 2022, a true and correct copy of *Defendant/Third Party Plaintiff XPO Last Mile, Inc.'s Complaint Against Third Party Defendant Moderno Logistics Corp* was filed with the Clerk of the Court via CM/ECF which will provide an electronic copy to all counsel of record.

                                        */s/ Laura E. Prather*
                                        Attorney

4891-0210-6406