## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release of FLSA Wage Claims (the "Agreement") is entered into by and between **Lazaro Martinez**, his heirs, executors, administrators, successors, and assigns (collectively, "Plaintiff"), **RXO Last Mile, Inc.**, its direct and indirect past, present, and future parent corporations, affiliates, subsidiaries, partners, divisions, predecessors (including, but not limited to, XPO Logistics, Inc.[1] or any of its respective affiliates), insurers, reinsurers, professional employment organizations, representatives, successors, and assigns, and its current and former employees, attorneys, officers, owners, members, managers, directors, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their business capacities (collectively, "RXO"), and **Lowe's Home Centers, LLC**, its direct and indirect past, present, and future parent corporations, affiliates, subsidiaries, partners, divisions, predecessors, insurers, reinsurers, professional employment organizations, representatives, successors, and assigns, and its current and former employees, attorneys, officers, owners, members, managers, directors, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their business capacities (collectively, "Lowe's"). The term "Party" or "Parties" as used herein shall refer to RXO, Lowe's, or Plaintiff, individually or collectively, as may be appropriate.

1. **Recitals.**

This Agreement is made with reference to the following facts:

(a) On or about January 18, 2022, Plaintiff brought an action for unpaid overtime and minimum wage, which is pending as *Lazaro Martinez v. Lowe's Home Centers, LLC, a Foreign Limited Liability Company, and XPO Last Mile, Inc., a Foreign Profit Corporation*, in the United States District Court for the Middle District of Florida, Orlando Division, Case No.: 6:22-cv-00461-RBD-DAB (the "Lawsuit"). In the Lawsuit, Plaintiff asserts claims for unpaid minimum wage and overtime violations of the Fair Labor Standards Act ("FLSA"), and retaliation under the FLSA;

(b) There has been no determination on the merits of the Lawsuit but, in order to avoid additional cost and the uncertainty of litigation, the Parties have agreed, subject to the provisions in Paragraph 2 below, to resolve Plaintiff's FLSA claims against RXO and Lowe's.

2. **Consideration/Indemnification for Tax Consequences and Liens.**

(a) In consideration for Plaintiff signing this Agreement, and complying with its terms, including Plaintiff's dismissal of his claims as described below, RXO agrees to pay Plaintiff the total gross sum of FIVE THOUSAND AND NO/100 DOLLARS ($5,000) (the "Settlement Payment"), to be paid as follows:

---

[1] On November 1, 2022, RXO, Inc. spun off from XPO Logistics, Inc. into a separate publicly traded corporation. RXO, Inc. has various affiliate entities, including RXO Last Mile, Inc. As part of the spin-off, XPO Last Mile, Inc.'s name was changed to RXO Last Mile, Inc.

1

(1) One payment for alleged unpaid overtime and minimum wage by check made payable to "Remer, Georges-Pierre & Hoogerwoerd, PLLC for the benefit of Lazaro Martinez" in the amount of ONE THOUSAND TWO HUNDRED AND 50/100 DOLLARS ($1,250);

(2) One payment for alleged liquidated damages by check made payable to "Remer, Georges-Pierre & Hoogerwoerd, PLLC for the benefit of Lazaro Martinez" in the amount of ONE THOUSAND TWO HUNDRED AND 50/100 DOLLARS ($1,250);

(3) One payment for alleged attorneys' fees and costs by check made payable to "Remer, Georges-Pierre & Hoogerwoerd, PLLC" ("Plaintiff's Counsel") in the amount of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500), for which an IRS Form 1099-MISC shall be issued to Plaintiff's Counsel;

(b) Plaintiff agrees that Plaintiff is responsible for all applicable taxes, if any, as a result of the receipt of these monies in Paragraph 2(a). Plaintiff understands and agrees RXO and/or Lowe's is providing Plaintiff with no representations regarding tax obligations or consequences that may arise from this Agreement. Plaintiff agrees to indemnify RXO and Lowe's and hold them harmless for the amount of any taxes, penalties, or interest that may be assessed by any governmental tax authority against them in connection with such governmental authority's determination that RXO and/or Lowe's was required to, but failed to, withhold or report the correct amount of income or employment taxes from the payments made to Plaintiff or Plaintiff's Counsel pursuant to Paragraph 2(a) of this Agreement. Plaintiff agrees that Plaintiff shall indemnify RXO and/or Lowe's for the full amount of such liability within thirty (30) days after receipt of notice from RXO and/or Lowe's of the assessment of such taxes, penalties, or interest.

(c) Any settlement payments made by check set forth in this paragraph will be delivered to Plaintiff's Counsel at 2745 Ponce De Leon Boulevard, Coral Gables, FL 33134.

3. **No Consideration Absent Execution of this Agreement.**

Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in Paragraph 2(a) above, except for Plaintiff's timely execution of this Agreement and the fulfillment of the promises contained herein.

4. **Disbursal of Settlement Funds/Dismissal of Action.**

(a) The settlement payments described in Paragraph 2(a) will be sent within thirty (30) business days after the latest of the following have occurred:

(1) counsel for RXO and Lowe's receives a copy of the Agreement signed by Plaintiff;

(2) counsel for RXO and Lowe's receives an executed W-9 Form from Plaintiff's Counsel;

(3) counsel for RXO and Lowe's receives an executed W-9 Form from Plaintiff;

(4) the filing of a Joint Motion for Approval of Settlement in the Lawsuit; and

(5) dismissal of the Lawsuit with prejudice.

**5. Release of FLSA Claims, Claims Not Released and Related Provisions.**

(a) **Release of FLSA Claims.** Plaintiff knowingly and voluntarily releases and forever discharges RXO and Lowe's, of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against RXO and/or Lowe's as of the date of execution of this Settlement Agreement and Release of FLSA Claims, including, but not limited to, any alleged overtime and/or minimum wage violations of the FLSA of 1938, as amended, 29 U.S.C. § 201 *et seq.* This release does not include the waiver of claims by Plaintiff of any claims other than his FLSA claims.

(b) **Claims Not Released.** Plaintiff is not waiving any rights Plaintiff may have to: (i) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (ii) pursue claims which by law cannot be waived by signing this Agreement; or (iii) enforce this Agreement.

(c) **Governmental Agencies.** Nothing in this Agreement prohibits, prevents, or otherwise limits Plaintiff from filing a charge or complaint with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency (e.g., EEOC, NLRB, SEC) or in any legislative or judicial proceeding nor does anything in this Agreement preclude, prohibit or otherwise limit, in any way, Plaintiff's rights and abilities to contact, communicate with or report unlawful conduct, or provide documents, to federal, state, or local officials for investigation or participate in any whistleblower program administered by any such agencies. In addition, nothing in this Agreement prohibits Plaintiff from: (1) reporting possible violations of federal or other law or regulations, including any possible securities laws violations, to any governmental agency or entity, including but not limited to the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the Commodity Futures Trading Commission, the U.S. Congress, or any agency Inspector General; (2) making any other disclosures that are protected under the whistleblower provisions of federal or other law or regulations; or (3) filing a charge or complaint or otherwise fully participating in any governmental whistleblower programs, including but not limited to any such programs managed or administered by the U.S. Securities and Exchange Commission, the Commodity Futures Trading Commission and/or the Occupational Safety and Health Administration. Plaintiff is not required to notify or obtain permission from RXO or Lowe's when filing a governmental whistleblower charge or complaint or engaging or participating in protected whistleblower activity. Moreover, nothing in this Agreement prohibits or prevents Plaintiff from receiving individual monetary awards or other individual relief by virtue of participating in such governmental whistleblower programs.

(d) **Collective/Class Action Waiver and Jury Waiver.** If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which RXO and/or Lowe's is a party.

**6.     Acknowledgements and Affirmations.**

(a)     Plaintiff affirms that Plaintiff has not filed, caused to be filed, or presently is a party to any claim against RXO or Lowe's, except the Lawsuit.  Nothing in this Agreement or these Affirmations is intended to impair Plaintiff's rights under whistleblower laws or cause Plaintiff to disclose Plaintiff's participation in any governmental whistleblower program or any whistleblowing statute(s) or regulation(s) allowing for anonymity.

(b)     Plaintiff also affirms that upon payment of the amounts set forth herein, he will have been paid and/or will have received all wages, compensation, liquidated damages related to wages, and attorneys' fees and costs in connection with any claims for wages under the FLSA, and that no other compensation or wages, are due to him.

(c)     Plaintiff, RXO and Lowe's acknowledge Plaintiff's rights to make truthful statements or disclosures required by law, regulation, or legal process and to request or receive confidential legal advice, and nothing in this Agreement shall be deemed to impair those rights.

**7.     Governing Law and Interpretation.**

This Agreement shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

**8.     Non-Admission of Wrongdoing.**

The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by RXO and/or Lowe's of wrongdoing or evidence of any liability or unlawful conduct of any kind.

**9.     Amendment.**

This Agreement may not be modified, altered or changed except in writing and signed by the Parties wherein specific reference is made to this Agreement.

**10.    Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties as to Plaintiff's claims under the FLSA.  Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11. **<u>Counterparts and Signatures</u>**.

This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail, or which is made electronically, will have the same effect as the original signature.

12. **<u>Mutual Negotiation</u>**.

This Agreement was the result of negotiations between the Parties and their respective counsel. In the event of vagueness, ambiguity, or uncertainty, this Agreement shall not be construed against the Party preparing it, but shall be construed as if the Parties prepared it jointly.

**PLAINTIFF ACKNOWLEDGES THAT PLAINTIFF HAS HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES THAT PLAINTIFF HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND HAS IN FACT OBTAINED LEGAL REPRESENTATION ABOUT THE DECISION TO ENTER INTO THIS AGREEMENT BY PLAINTIFF'S COUNSEL REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC, AND SO DOING, ENTERS INTO THIS AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL CONSIDERATION PERIOD.**

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RXO AND/OR LOWE'S.**

[*Signatures on Next Page*]

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**LAZARO MARTINEZ**

By: _[signature]_
Lázaro Martinez Alfonso (Mar 1, 2023 21:23 CST)

Print Name: Lázaro Martinez Alfonso

Date: Mar 1, 2023

**RXO LAST MILE, INC.**

By: _[signature: Kathryn E. White]_

Print Name: Kathryn White

Title: Senior Director, Labor & Employment Counsel

Date: 3/2/2023

**LOWE'S HOME CENTERS, LLC**

By: _[signature: Shane Crase]_

Print Name: Shane Crase

Title: Senior Counsel

Date: 3/2/2023

4889-5009-9528, v. 4

DocuSign Envelope ID: CS5D24E0-0A21-4879-97D2-3AA6141C0EB1

# FLSA Settlement Agreement (Martinez - Lowe's - RXO)

Final Audit Report                                                                             2023-03-02

| | |
|---|---|
| Created: | 2023-03-02 |
| By: | Peter Hoogerwoerd (pmh@rgph.law) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAHqNdhJnRyQcNOoh2ruMHwVF5GNNCJIa7 |

## "FLSA Settlement Agreement (Martinez - Lowe's - RXO)" History

- **Document created by Peter Hoogerwoerd (pmh@rgph.law)**
  2023-03-02 - 1:40:57 AM GMT- IP address: 73.179.198.255

- **Document emailed to jonathanmartinez190291@gmail.com for signature**
  2023-03-02 - 1:41:40 AM GMT

- **Email viewed by jonathanmartinez190291@gmail.com**
  2023-03-02 - 2:51:00 AM GMT- IP address: 172.225.204.81

- **Signer jonathanmartinez190291@gmail.com entered name at signing as Lázaro Martinez Alfonso**
  2023-03-02 - 3:23:18 AM GMT- IP address: 174.50.210.124

- **Document e-signed by Lázaro Martinez Alfonso (jonathanmartinez190291@gmail.com)**
  Signature Date: 2023-03-02 - 3:23:20 AM GMT - Time Source: server- IP address: 174.50.210.124

- **Agreement completed.**
  2023-03-02 - 3:23:20 AM GMT

![Adobe Acrobat Sign]