UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LAZARO MARTINEZ,**

    **Plaintiff,**

v.              Case No:  6:22-cv-461-RBD-DAB

**LOWE'S HOME CENTERS, LLC,**
**and XPO LAST MILE, INC.,**

    **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 67)** |
| **FILED:** | March 2, 2023 |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

## I.   BACKGROUND

On January 18, 2022, Plaintiff Lazaro Martinez filed a Complaint in state court against Defendant Lowe's Home Centers, LLC ("Lowe's"), alleging, among other things, unpaid minimum and overtime wages and retaliation in violation of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1-3. Defendant Lowe's removed Plaintiff's case to this Court on March 4, 2022. Doc. No. 1. Plaintiff filed an Amended Complaint against Lowe's and XPO Last Mile, Inc., on May 24, 2022. Doc. No. 27. Plaintiff alleges that he worked for Defendants as a truck driver from July 2021 to September 13, 2021. Doc. No. 27 ¶ 10. Plaintiff alleges, among other counts in the Amended Complaint, that he did not receive minimum and overtime wages for hours worked and that Defendants retaliated against him. *Id.* ¶¶ 54-59, 75-79.

A number of preliminary issues arose resulting in various orders and motions. *See, e.g.*, Doc. Nos. 38, 48-49, 51, 57. On March 2, 2023, the parties filed a "Joint Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice" (the "Motion"). Doc. No. 67. The parties state that Plaintiff will receive $1,250.00 for his alleged unpaid wages and an equal amount for liquidated damages, for a total of $5,000.00. *Id.* at 3; Doc. No. 67-1 at 2. Plaintiff's counsel will receive $2,500.00 in attorney's fees and costs. Doc. No. 67 at 3; Doc. No. 67-1 at 2. The parties maintain that the FLSA does not require the Court to assess the fairness

of the stipulated amount of attorney's fees. Doc. No. 67 at 8-9. The parties ask the Court to approve the FLSA Settlement Agreement and to dismiss the case with prejudice. *Id.* at 9.

## II. LEGAL STANDARDS

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (footnote omitted), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.*; *see Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food Stores* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must

3

scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of [Plaintiff's] success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

For the Court to determine whether the proposed settlement is reasonable, counsel for the plaintiff must first disclose the extent to which the FLSA claim has

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and her counsel, or otherwise. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[2] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[3] It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* As the Court interprets *Lynn's Food Stores* and *Silva*, when there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

---

[2] From a purely economic standpoint, defendants are largely indifferent as to how their settlement proceeds are divided as between plaintiffs and their counsel. When a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[3] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer that is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

An alternate means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that, if the matter of attorney's fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive as applied in this case.

### III.  ANALYSIS

The Motion must be denied as the Court is unable to determine whether the attorney's fees and costs set forth in the Settlement Agreement are reasonable. Plaintiff calculated his damages to be $40,000.00 and his unpaid wages to be $2,730.00. Doc. No. 27 ¶ 52; Doc. No. 62 at 1. Under the Settlement Agreement, Plaintiff agreed to accept $1,250.00 in unpaid wages and an equal amount in

liquidated damages. Doc. No. 67-1 at 2. Thus, Plaintiff has compromised his claim under the FLSA. Because Plaintiff is receiving less than full recovery, the Court, before it can find the Settlement Agreement to be reasonable, must scrutinize the attorney's fees and costs to be paid to Plaintiff's counsel under the Agreement.

Plaintiff's counsel is due to receive $2,500.00 under the Settlement Agreement. Doc. No. 67-1 at 2. While this amount is modest given the circumstances of the case, it nonetheless requires judicial scrutiny. The Motion does not reflect that the attorney's fees and costs were determined independently from the amount to be paid to Plaintiff. Doc. No. 67 at 8-9. Thus, the reasonableness of the settlement cannot be approved on its face, but must be carefully scrutinized using the lodestar analysis. *See Bonetti*, 715 F. Supp. 2d at 1228. Here, Plaintiff's counsel does not provide an itemization of the time spent working on the case, nor is there any indication as to counsel's hourly rate and the reasonableness thereof. Without such information, the Court cannot determine the reasonableness of attorney's fees and costs via the lodestar analysis. *See Caliva v. Metz & Assocs., Ltd.*, No. 6:09–cv–1340–Orl–31DAB, 2009 WL 4855490, at *2 (M.D. Fla. Dec. 10, 2009) (denying motion to approve joint FLSA settlement agreement because the parties did not represent that they determined attorney's fees and costs independently from the amount to be paid to plaintiff, nor did they provide the necessary

7

information to conduct a lodestar analysis). Accordingly, the Court is unable to determine whether the Settlement Agreement is reasonable.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that

1. The Motion (Doc. No. 67) is **DENIED without prejudice**;

2. If the parties renew the Motion, they must either file the necessary information for the Court to conduct a lodestar analysis or follow the guidance in *Bonetti*; and

3. **The parties have 14 days to file a renewed motion**. Otherwise, within 21 days from the date of this Order, the parties shall file a Case Management Report.

**DONE** and **ORDERED** in Orlando, Florida, on March 8, 2023.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record