# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LAZARO MARTINEZ,**

> **Plaintiff,**

**v.**                                                    **Case No.: 6:22-cv-00461-RBD-RMN**

**LOWE'S HOME CENTERS, LLC,**
**a Foreign Limited Liability Company,**
**and XPO LAST MILE, INC., a**
**Foreign Profit Corporation,**

> **Defendants.**
_____/

## RENEWED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Lazaro Martinez ("Plaintiff"), and Defendants, Lowe's Home Centers, LLC ("Lowe's") and RXO Last Mile, Inc. formerly known as XPO Last Mile, Inc. ("XPO LM")[1] (collectively referred to as "Defendants" and, when referred to with Plaintiff, as the "Parties"), through their undersigned counsel, jointly move the Court to approve the settlement reached by the Parties and to dismiss the instant action with prejudice. In support of their Motion, the Parties state as follows:

---

[1] On November 1, 2022, RXO, Inc. spun off from XPO Logistics, Inc. into a separate publicly traded corporation. RXO, Inc. has various affiliate entities, including RXO Last Mile, Inc. As part of the spin-off, XPO Last Mile, Inc.'s name was changed to RXO Last Mile, Inc.

## BACKGROUND

On January 18, 2022, Plaintiff filed a five-count Complaint against Lowe's in the Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida, alleging claims for unpaid minimum wage and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); breach of agreement; quantum meruit; unjust enrichment; and retaliation in violation of the FLSA. [Doc. 1-1]. Lowe's timely removed this action to this Court on March 4, 2022. [*Id.*]. On May 24, 2022, Plaintiff filed an Amended Complaint against Lowe's and XPO LM, alleging the same causes of action as those asserted in his initial Complaint. [Doc. 27]. Specifically, Plaintiff alleges that Defendants agreed to pay Plaintiff $130 per day, but failed to pay Plaintiff his due wages for twenty-one (21) days. [*Id.*]. Plaintiff further alleges that he complained to Defendants about the non-payment, and that he was thereafter terminated by Defendants on September 13, 2021. [*Id.*].

Defendants dispute Plaintiff's claims, asserting that they never employed Plaintiff, nor entered into any agreement with him.

On January 6, 2023, the Parties conducted a successful settlement conference pursuant to this Court's FLSA Scheduling Order [Doc. 58]. The Parties negotiated and agreed on a settlement of this matter under the terms set out in a Settlement Agreement and Release of FLSA Claims (the "Agreement"), a copy of which is attached as **Exhibit A**.

The Agreement provides that XPO LM will pay Plaintiff a total gross sum of $5,000, consisting of the following payments:

- $1,250, for alleged unpaid overtime and minimum wage;

- $1,250, for alleged liquidated damages; and

- $2,500, made payable to Remer, Georges-Pierre & Hoogerwoerd PLLC, as attorneys' fees and costs, which amounts were separately negotiated and agreed upon and without regard to the amount paid to the plaintiff.[2]

As described more fully below, the Parties agree this is a fair and reasonable settlement of a bona fide dispute. Thus, the Parties respectfully request that the Court approve this settlement and dismiss this case with prejudice.

## MEMORANDUM OF LAW

### A.   Legal Standard

This action arises under the FLSA.  In *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees."  679 F.2d 1352 (11th Cir. 1982).  "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them."  *Id.* at 1353.  Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement,

---

[2] *See Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009), where attorneys' fees were separately negotiated from the plaintiff's wages.

the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1)  the existence of fraud or collusion behind the settlement;
(2)  the complexity, expense, and likely duration of the litigation;
(3)  the stage of the proceedings and the amount of discovery completed;
(4)  the probability of plaintiff's success on the merits;
(5)  the range of possible recovery; and
(6)  the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *3-4 (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Industrial Elec., Inc.*, No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *7-8 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enters., Inc., et al.*, No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066, at *4-5 (M.D. Fla. Apr. 12, 2006). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d

1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources."). As detailed below, examination of each of these factors shows that the terms of the Agreement are fair and reasonable, and should be approved by the Court.

**B.    The Relevant Criteria Support Final Approval of the Settlement.**

**1.  There is no fraud or collusion behind the settlement.**

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *10-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiff was represented by Peter M. Hoogerwoerd, Esq. and Corey L. Seldin, Esq. of Remer, Georges-Pierre & Hoogerwoerd, PLLC. Defendants were represented by Laura E. Prather, Esq. and Chase H. Hale, Esq. of Jackson Lewis P.C. All counsel involved have experience litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights.

Additionally, the Parties reached their settlement after an exchange of information and arm's length negotiations.

As discussed further below, the amounts to be paid to Plaintiff and his counsel are fair in light of the dispute over the merits of Plaintiff's claims, and the expense and uncertainty of continuing to litigate this action.

**2. The complexity, expense, and duration of future litigation support the reasonableness of this settlement.**

The Parties continue to disagree over the merits of Plaintiff's claims. Plaintiff contends that Defendants agreed to pay him $130 per day, but failed to pay him all wages he was due for twenty-one (21) days. Plaintiff further alleges that he complained to Defendants about the non-payment, and that he was thereafter terminated on September 13, 2021.

Defendants adamantly deny Plaintiff's claims. Defendants assert that they never employed Plaintiff, nor entered into any agreement with him. As such, Defendants argue that these are threshold issues which Plaintiff cannot meet and therefore, Plaintiff is not entitled to recover from them any alleged unpaid wages, or any other damages which he seeks in this action. If this case is litigated further, Plaintiff will bear the burden of proving that he was employed by Defendants and not properly compensated. *See Morgan v. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 841 F. Supp. 2d 1274, 1277 (S.D. Fla. 2012).

Should this matter proceed, the Parties will bear substantial expenses litigating these disputed issues. Notably, the Parties reached this settlement before depositions were taken, thereby saving both Parties the costs associated with depositions. Additionally, to date, the Parties have exchanged limited written discovery. Thus, continued litigation will entail significant expenses arising from depositions,

additional written discovery and summary judgment briefing on numerous disputed legal issues for each of Plaintiff's five (5) causes of action. This settlement, therefore, is a fair and reasonable means for the Parties to minimize future risks and litigation costs.

### 3. There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.

Next, the Court should consider the stage of the proceedings and the amount of discovery completed.  As explained above, the Parties have exchanged limited written discovery and documents regarding Plaintiff's alleged hours, compensation, employment status and termination. In agreeing to the proposed settlement, the Parties exchanged sufficient information to allow them to make an educated and informed analysis and conclusion.

### 4.  Plaintiff's probability of success on the merits is uncertain.

Plaintiff's probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate.  According to Plaintiff, he was employed by both Defendants who agreed to pay him $130 per day, but failed to pay Plaintiff his due wages for twenty-one (21) days.  Plaintiff further alleges that he complained to Defendants about the non-payment, and that he was thereafter terminated on September 13, 2021.  Meanwhile, Defendants contend that they never employed Plaintiff, nor entered into any agreement with him.  Defendants contend that Plaintiff worked for former third-party defendant, Moderno Logistics Corp.

("Moderno"), and Moderno is the proper party to be sued.

**5.  Plaintiff's range of possible recovery is uncertain.**

Even if Plaintiff prevails on the merits of his claims, his range of possible recovery is uncertain. As discussed above, the Parties disagree over basic factual allegations, including the amount Plaintiff is entitled to recover, if any. Given the threshold disputes over whether Plaintiff was employed by and/or entered into any agreement with Defendants, in addition to the disagreements over the number of hours Plaintiff allegedly worked and the reasons for his termination, the range of possible recovery by Plaintiff is wide and Plaintiff risks recovering nothing should Defendants prevail on their affirmative defenses.  In light of the uncertainty of the amounts, if any, Plaintiff would recover if he were to continue litigating his claims, the Court should find that the settlement is fair and reasonable.

**6.  The Parties weighed the opinions of their counsel in deciding whether to settle.**

Finally, the Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle.  Accordingly, the Court should find that the settlement is a fair and reasonable resolution of a bona fide dispute.

C.    <u>**The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**</u>

Here, the Agreement provides that XPO LM will pay Plaintiff a total gross sum of $5,000 in three separate allocations: (1) $1,250 for alleged unpaid overtime and minimum wage; (2) $1,250 for alleged liquidated damages; and (3) $2,500 to Plaintiff's counsel, as attorneys' fees and costs. While the Plaintiff's attorneys' fees were separately negotiated, if the Court desires to entertain a Lodestar analysis, conservatively, more than twenty-five (25) hours were expended on this cause of action by Plaintiff's counsel. This is due to this matter being a "cash" FLSA case without any time records, tax documents or wage statements which required the undersigned law firm to investigate Plaintiff's claims both pre-suit and after the filing of the instant cause of action, due to the Plaintiff being a monolingual Spanish speaker requiring translation for communication with counsel, due to the investigation of Plaintiff's true employer, and due to the settlement negotiations between the parties which the Court ordered.

Through informal discovery, Plaintiff's counsel learned of the allegedly correct employer which was the subject of a third-party complaint that the Court ultimately dismissed. Therefore, Plaintiff's likelihood of success on the merits would likely be challenging without this Third Party Defendant as part of the action at bar.

Plaintiff's undersigned counsel, Peter M. Hoogerwoerd, has been awarded $500.00 per hour in the Southern District of Florida.  Mr. Hoogerwoerd's colleague, Corey Seldin, having fewer than five years' experience, is billed at $150.00 per hour.

The amounts due to Plaintiff are fair and reasonable in light of the named Defendants in this action alleging that a different entity is the correct employer, which upon information and informal discovery, is likely an accurate defense.

The amount of attorney's fees is fair and reasonable in light of the actual time expended in this action, which by Plaintiff's undersigned counsel's cursory review of the docket, exceeds more than four hours of the undersigned's time and more than ten hours of Mr. Corey Seldin's time.  Rather than produce a timesheet with detailed entries, Plaintiff's counsel asks the Court to acknowledge the reasonableness of the fee awarded to Plaintiff and his counsel based upon the docket entries and the description of the hours expended in this joint motion.[3] After costs of $500.00, Plaintiff's undersigned counsel asks the Court for a modest approval of $2,000.00 in attorneys' fees for a total of $2,500.00 in attorney's fees and costs.

The Parties agree this is a fair and reasonable settlement of a bona fide dispute. The Court should therefore find that the attorneys' fees and costs stipulated to by the Parties are fair and reasonable.

---

[3] Should the Court require a timesheet for Plaintiff's counsel, Plaintiff respectfully asks the Court to allow for a second renewed motion for approval of the FLSA settlement to include time entries for Plaintiff's counsel.

## **CONCLUSION**

As demonstrated above, the settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court (i) grant this Motion; (ii) approve the settlement outlined in this Motion and the attached Settlement Agreement; (iii) dismiss this case with prejudice; and (iv) grant such further relief as the Court deems appropriate.

DATED this 21st of March, 2023.

Respectfully submitted by:

**REMER & GEORGES-PIERRE, PLLC**

*/s/Peter M. Hoogerwoerd*
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgph.law
Corey L. Seldin, Esq.
Florida Bar No.: 1026565
cseldin@rgph.law
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134

*Counsel for Plaintiff*

**JACKSON LEWIS P.C.**

*/s/ Laura E. Prather*
Laura E. Prather, B.C.S.
Florida Bar No.: 870854
laura.prather@jacksonlewis.com
Chase H. Hale, Esq.
Florida Bar No.: 1026400
chase.hale@jacksonlewis.com
Wells Fargo Center
100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone:  813-512-3210
Facsimile:   813-512-3211

*Counsel for Defendants*

4894-7998-2168, v. 2