UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAZARO MARTINEZ,

    Plaintiff,

v.

LOWES HOME CENTERS, LLC;
and XPO LAST MILE, INC.,

    Defendants.

Case No. 6:22-cv-461-RBD-RMN

# ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Renewed Joint Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice (Dkt. 70) |
| **FILED:** | March 21, 2023 |
| It is **ORDERED** that the Motion (Dkt. 70) is **DENIED without prejudice**. | |

## Background

On January 18, 2022, Plaintiff Lazaro Martinez filed a Complaint in state court against Defendant Lowe's Home Centers, LLC ("Lowe's"), alleging, among other things, unpaid minimum and overtime wages and

retaliation in violation of the Fair Labor Standards Act ("FLSA"). Dkt. 1-3. Lowe's removed Plaintiff's case to this Court on March 4, 2022. Dkt. 1.

In May 2022, Plaintiff filed an Amended Complaint that added claims against Defendant XPO Last Mile, Inc ("XPO").[1] Dkt. 27. In the Amended Complaint, Plaintiff alleges that he worked for Lowe's and XPO as a truck driver from July 2021 to September 13, 2021. *Id.* ¶ 10. Plaintiff contends that he did not receive minimum and overtime wages for hours worked and that Lowe's and XPO retaliated against him in violation of the FLSA. *Id.* ¶¶ 54–59, 75–79.

XPO then brought a third-party complaint against a new company, Moderno Logistics Corp. Dkt. 38. According to the allegations in the third-party complaint, Moderno Logistics was Plaintiff's employer, not XPO or Lowe's. *See id.* ¶¶ 12, 26. Thus, XPO claimed that Moderno Logistics should indemnify it for defending against Plaintiff's claims. *Id.* ¶¶ 26, 34-37. After some motion practice, the Court dismissed the third-party complaint without prejudice. Dkt. 57.

The parties later informed the Court that they settled Plaintiff's claims. Dkt. 65. The Court then directed the parties to file a joint motion for approval of the settlement, as required by *Lynn's Food Stores, Inc. v. United States*

---

[1] XPO's name was changed subsequently to RXO Last Mile, Inc. Dkt. 70 at 1 n.1.

*Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). Dkt. 66. The parties complied, but the Court did not approve the settlement agreement because it could not determine the reasonableness of the stipulated amount of attorney's fees and costs. Dkt. 68 at 6–7.

The parties now renew their joint motion to approve settlement of Plaintiff's claims. Dkt. 70.

## II. Legal Standards

In *Lynn's Food Stores*, the Eleventh Circuit held that an FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by district court after scrutinizing the settlement for fairness. 679 F.2d at 1352–53. When reviewing a settlement for fairness, the court determines it the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354–55. To do this, a court considers:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of [Plaintiff's] success on the merits;
(5) the range of possible recovery; and
(6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Courts must also scrutinize settlements to determine whether a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down on or before September 30, 1981. *Bonner v. City of Pritchard*, 661 F.1206, 1209 (11th Cir. 1981) (en banc).

addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. Analysis

This is the second time the parties have sought judicial approval of the settlement of Plaintiff's claims. The undersigned is mindful of the need to conclude this case in the most just, speedy, and inexpensive manner while complying with the mandates of the FLSA and the direction of the Eleventh Circuit. My analysis of the settlement agreement is as follows. First, the parties have addressed the issue raised by the Court previously: the reasonableness of the award of attorney's fees. But there is another significant issue with the proposed agreement: a waiver of claims.

#### A. The proposed settlement amount is reasonable.

Plaintiff initially estimated that he was due $2,730 in unpaid wages. Dkt. 27 ¶ 52. In the proposed settlement, he agrees to accept $1,250 in unpaid wages and an equal amount in liquidated damages. Dkt. 70-1 at 2. Plaintiff has therefore compromised his FLSA claim. Because Plaintiff is receiving less than full recovery, the Court, before it can find the Settlement Agreement to be reasonable, must scrutinize the attorney's fees and costs to be paid to Plaintiff's counsel.

The parties state that Plaintiff's counsel will receive $2,500.00 in attorney's fees, an amount which was separately negotiated from Plaintiff's payments. Dkt. 70 at 3; Dkt. 70-1 ¶ 2(a)(3). Plaintiff's counsel represents that Plaintiff has incurred $500 in costs, that one attorney who bills his time at $150 per hour worked for about ten hours on this case, and that he had worked an additional four hours. Dkt. 70 at 10. In view of the representations in the motion, the undersigned finds that the proposed payment for attorney's fees and costs is reasonable.

### B. The settlement agreement contains unreasonable conditions.

Notwithstanding the reasonableness of the settlement amount, the undersigned finds that two provisions of the proposed settlement are unreasonable.

#### 1. The parties have not established how the proposed collective/class action waiver and jury waiver provision is reasonable.

Paragraph 5(d) of the proposed settlement agreement is a "collective/class action waiver and jury waiver." Dkt. 70-1 at 3. A release in an FLSA settlement is generally reasonable so long as it is narrowly tailored to the wage claims asserted in the complaint. *Gomez v. Hays Worldwide Studios, Inc.*, No. 6:22-CV-988-CEM-LHP, 2023 WL 1765647, at *2 (M.D. Fla. Feb. 3, 2023) (quoting *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-

Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015)). The parties do not explain how the release in Paragraph 5(d) is narrowly tailored. Indeed, Paragraph 5(d) does not appear to be tailored to Plaintiff's wages claims at all, but rather seems to be meant to release non-wage claims or wage claims that have not been asserted in this case. Though Defendants may achieve some repose through this provision, Plaintiff is essentially "'gambl[ing]' by exchanging unknown rights for a sum to which [he] is already entitled." *Lowe v. NewQuest, LLC*, No. 8:21-CV-2320-TPB-JSS, 2022 WL 1721195, at *3 (M.D. Fla. May 11, 2022), *report and recommendation adopted*, 2022 WL 1720833 (M.D. Fla. May 27, 2022). It is therefore improper. *See id.*

Furthermore, the title of Paragraph 5(d) also purports to be a jury waiver provision, although the text of that provision does not specifically include a clause that would waive Plaintiff's right to have his claims considered by a jury. *See* Dkt. 70-1 at 3. To the extent Paragraph 5(d) is a jury trial waiver provision, such provisions are disfavored. *Raynon v. RHA/Fern Park Mr., Inc.*, No. 6:14-CV-1112-ORL-37, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014) (severing waiver of jury trial in FLSA settlement

agreement, as claim for lost wages under FLSA contains Seventh Amendment jury right, and plaintiff received nothing for the waiver).[3]

Lastly, Paragraph 5(d) is particularly problematic here. The parties have spent much time disputing who employed Plaintiff. It may be reasonable for Plaintiff to compromise his FLSA claims against Lowe's and XPO given the uncertainty surrounding his employment status. It is certainly in Lowe's and XPO's interest to resolve those claims, regardless whether they are Plaintiff's actual employer. *See, e.g.*, *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012) (explaining that liability under the FLSA extends to defendants who are considered to be joint employers).

While it does not appear intended to function as such, there is at least a colorable argument that Paragraph 5(d) of the agreement would release any FLSA claim that Plaintiff may have against his actual employer if XPO or Lowe's are required to be a party to that suit. The company that is allegedly Plaintiff's employer is not a party here by choice. It is unclear why it would be reasonable to include a provision in a settlement in this case that might impact Plaintiff's ability to bring FLSA claims against the company that allegedly was his actual employer. Paragraph 5(d) could be considered unreasonable for this reason alone.

---

[3] There is also no indication that Plaintiff is receiving separate consideration for a provision that is intended to expand the scope of the release beyond the FLSA claims in the complaint. *See Gomez*, 2023 WL 1765647, at *2 n.1.

In short, Paragraph 5(d) does not appear reasonable, and the parties have given the Court no reason to believe that it is.

### 2. The amendment provision is unreasonable.

The settlement agreement also contains an amendment provision in Paragraph 9. Dkt. 70-1 at 4. This paragraph provides that the agreement "may not be modified, altered or changed except in writing and signed by the Parties wherein specific reference is made to this Agreement." *Id*. This provision is problematic. The agreement presented to the Court for a fairness review must be final, with no opportunity for amendment. *See Gomez*, 2023 WL 1765647, at *3. "To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already approved agreement." *Id*. Paragraph 9 is therefore unreasonable.

### C. The settlement agreement does not contain a severability clause.

Because the settlement agreement contains two provisions that are unreasonable, the undersigned cannot recommend its approval. The agreement would be fair and reasonable but for the inclusion of Paragraphs 5(d) and 9. The undersigned would recommend approval if those two provisions were stricken from the agreement. *See Monahan*, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015). But the proposed agreement does

not contain a severability clause, and so that course of action is not currently available.

## IV. Conclusion

It is therefore **ORDERED**:

1. The Motion (Dkt. 70) is **DENIED** without prejudice; and

2. On or before April 11, 2023,

    (a) The parties are directed to renew the motion with a revised settlement agreement that resolves the issues raised in this Order; or

    (b) In lieu of a renewed motion, the parties may jointly file a notice with the Court where each party agrees in writing to striking Paragraph 5(d) and Paragraph 9 from the agreement.

**DONE** and **ORDERED** in Orlando, Florida, on March 28, 2023.

ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Counsel of Record